278 So.2d 729

**Claude GOODMAN, alias**

v.

**STATE.**

**3-Div. 52.**

Court of Criminal Appeals of Alabama.

April 3, 1973.

Rehearing Denied May 1, 1973.

Frank W. Riggs, III, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was indicted by the Grand Jury of Montgomery County. The indictment charged him with the possession of "amphetamine or barbiturate tablets, depressant or stimulant drugs, contrary to the provisions of § 5(c) of Act No. 252, of the Acts of the Legislature of the State of Alabama, Regular Session 1967." His punishment was fixed at four years in the penitentiary. The appellant filed a motion to quash the search warrant issued in the case on November 13, 1968, on the grounds that it "was issued without sufficient probable cause as required by the Constitution of the United States, the Constitution of the State of Alabama and by the Laws of the State of Alabama." The appellant also filed a motion to suppress certain evidence more particularly described as: Amphetamine or barbiturate tablets, depressant or stimulant drugs seized pursuant to said search warrant on the grounds that said drugs were seized pursuant to an invalid search warrant and in violation of said Constitutions and the laws of the State of Alabama and that they were illegally seized in violation of appellant's rights guaranteed by said Constitutions. Said motions were heard together and submitted to the court on the same evidence.

The evidence submitted on said motions shows that the search warrant, which authorized the search of appellant's premises, located at 665 Air Base Blvd., Montgomery, consisting of a service station and trailer, for illicit narcotics, was issued by D. Eugene Loe, Judge, Municipal Court, on November 13, 1968. Attached to said search warrant was an affidavit executed by R. E. Lynch and sworn to before said Judge Loe. The said affidavit executed by R. E. Lynch in support of said search warrant was introduced in evidence as part of State's Exhibit No. 2 and is as follows:

"THE STATE OF ALABAMA
CITY OF MONTGOMERY

"Before me D. Eugene Loe Judge, Municipal Court of the City of Montgomery, Ala., personally appeared R. E. Lynch who being duly sworn, deposes and says that he has probable cause to believe and does believe that illicit narcotics, deviates and illicit narcotics or synthetic equivalents and/or amphetamine and/or barbiturate sulfate is being contained in and kept at the home of Claude Goodman who lives at 665 Air Base Blvd., Montgomery, Alabama. Such conclusion being the result of having been reliable informed by a reliable person whose information in the past has proven to be true and reliable and from observation without trespassing, activity in and about said premises which would cause a reasonable person to believe that illicit narcotics and/or amphetamine and/or barbiture sulfate are being contained and sold.

"R. E. Lynch

"Sworn to and subscribed before me this the 13th day of November, 1968.

"D. Eugene Loe
Judge, Municipal Court"

R. E. Lynch testified in substance on the hearing of said motions that he testified orally under oath before Judge Loe at the time the search warrant was issued and that he presented to Judge Loe a written statement by an informant at that time, and that said written statement was prepared before he went to see Judge Loe. This statement was introduced in evidence on the hearing of said motions, with the name of the person executing it omitted, as State's Exhibit No. 1. It is as follows:

"November 13, 1968

"I —————————— saw on November 12, 1968 a bottle of pills which I believe to be barbiturate at a Texaco

Service Station at 665 Air Base Blvd. owned and operated by Claude Goodman. These capsules were in Ser. Sta. and moved them to the trailer. There was a large quantity of these capsules.

---

"Witness: John S. Nagle—Notary Public at Large      Commission 1/4/71

"Witness: William H. Law"

The above statement is not an affidavit nor is it a deposition. Neither is it testimony given before Judge Loe and reduced to writing and signed by a person so testifying. The evidence is clear that the person signing said statement never appeared before Judge Loe.

Appellant on the hearing of said motions introduced in evidence a statement of R. E. Lynch, Vice and Narcotic Squad, Montgomery Police Department dated November 13, 1968, and marked Defendant's Exhibit No. 1, which the court reporter states in the record is set out on Page 731 hereof. We do not find in the record an exhibit marked Defendant's Exhibit No. 1. But there does appear in the record a written statement executed by R. E. Lynch dated November 13, 1968. It appears from the record that said statement was not introduced by the State on the hearing of said motions. We assume that it is Defendant's Exhibit No. 1. Said statement is as follows:

"I, R. E. Lynch, of the Montgomery Police Dept., Vice and Narcotic Squad,

"R. E. Lynch
R. E. Lynch
Vice and Narcotic Squad
Montgomery Police Dept.

have probable cause to believe and do believe that illicit narcotics, illicit narcotic dervaties, synthetic equivalents, amphetamine and/or barbiturates are being contained in and kept at the residence of Claude Goodman and/or ,occupants, who reside at 665 Air Base Blvd., Montgomery, Alabama on the following facts and allegations.

"Information has been received by me, from a reliable informant whose information in the past has proved truthful, that Claude Goodman who resides at 665 Air Base Blvd, Montgomery, Alabama is dealing in illicit narcotics, illicit narcotic dervaties, synthetic equivalents, amphetamines and/or barbiturates.

"The informer states that he knows of several persons that take pills that have been seen at the residence of Claude Goodman, 665 Air Base Blvd., Montgomery, Ala. The informer also states that on past date he had reliable information that Claude Goodman had in his possession a large jar of Tuinals known as sodiumon amobarbital, secobarbital. The informer also turned over to us one (1) Tuinal which is alleged to have come from Claude Goodman.

"Claude Goodman is a known user of pills as he was arrested approx. four months ago for possession of Drexmils (approx. 500)· at the time he was arrested he was in progress of injecting himself with a hypodermic needle which contained Drexmil.

D. Eugene Loe
D. Eugene Loe
Judge, Municipal Court
Montgomery, Alabama"

---

The above statement is not an affidavit although it does bear the signatures of R. E. Lynch and Judge Loe. There is evidence presented on the hearing of said motions that this statement was presented to Judge Loe at the time the search warrant was issued. One can but conclude from a careful reading of the record that said statement was prepared before R. E. Lynch appeared before Judge Loe to secure the issuance of the search warrant. In that connection we quote from Judge Loe's

testimony on the hearing of said motions as follows:

"Q. And written affidavits were submitted to the best of your knowledge by Officer Lynch.

"A. What do you mean? Do you mean these?

"Q. Yes, sir.

"A. Oh, yes. In other words, that's my insistence as a matter of fact that they try to reduce everything to writing before they come to see me as, otherwise, I would have to scribble it out myself and it would take me much longer and particularly if they caught me away from the Court where I wouldn't have someone else to do it."

On the hearing of said motions the witness R. E. Lynch testified to what several informers had told him prior to the issuance of the search warrant about things and events taking place on the premises of appellant. This information if properly presented to Judge Loe may have justified the issuance of the search warrant. However it is impossible from a reading of the record to determine what was stated by said witness under oath to Judge Loe at the time he secured the search warrant. It is clear that said witness was the only person who did testify orally before Judge Loe. Here we quote from the testimony of R. E. Lynch on the hearing of said motions as it appears in the record:

"Q. I will ask you whether your sworn testimony before Judge Loe is contained in the statement which you made which is Defendant's Exhibit No. 1 and the search warrant which we now ask to be marked as State's Exhibit No. 2.

"A. That's correct."

The record is clear that State's Exhibit No. 1 and the affidavit of R. E. Lynch attached to the search warrant as part of State's Exhibit No. 2, and Defendant's Exhibit No. 1, were the only written statements submitted to Judge Loe to secure the issuance of the search warrant.

Appellant's motion to quash the search warrant and his motion to suppress the drugs seized in the execution of the search warrant were overruled by the trial judge.

Thereupon the case proceeded to trial on its merits. The evidence submitted on the trial show that the search warrant was executed and the premises of appellant were searched pursuant to said search warrant and certain drugs were found and seized. Samples of said drugs were examined by a State Toxicologist, James L. Small, who testified that some of the capsules examined by him contained Amobarbital and that Amobarbital is a drug containing a quantity of barbituric acid or the salts of barbituric acid. Some of the drugs examined by him were found to contain phenobarbital. He testified that phenobarbital is a derivitive of barbituric acid; that some of the drugs he examined contained amobarbital and secobarbital which were considered derivitives of barbituric acid. Some of the samples which he examined contained no such drugs.

The drugs seized by the officers in the execution of the search warrant, after the sample taken therefrom which the toxicologist examined, were offered in evidence by the State. Appellant objected on the ground, among others, that they were obtained as the result of an illegal search. The trial court overruled the objection. The sample drugs examined by Small were admitted in evidence over objection.

■ We now turn to the question of whether the search warrant was valid. It is manifest that the affidavit in support thereof is conclusory. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723.

The statement referred to as State's Exhibit No. 1, which was signed before a notary public and supplied by an alleged informer, fails to state any facts from which

the magistrate could conclude that the informer was reliable. *Aguilar*, supra.

Upon a close examination of Defendant's Exhibit No. 1, we find, " . . . The informer also states that on past date he had reliable information . . . " This is nothing more than hearsay upon hearsay.

The motions of appellant to quash the search warrant and to suppress the evidence seized in the search should have been granted. The drugs seized should not have been admitted in evidence. Error exists in the ruling of the trial court on those matters.

 There is also error in the trial court's ruling permitting Officer Lynch to testify to what he found or saw on the premises of appellant when he made the search under the search warrant.

In Duncan v. State, 278 Ala. 145, 176 So. 2d 840, Justice Lawson, in writing for the Supreme Court of Alabama, stated:

"Likewise, it was error to permit Chief Deputy Reynolds to testify that on that occasion he saw several items of baby clothing in Duncan's room; that he saw a large red stain on or near the fly of the 'blue jeans'; that he saw a spot on Duncan's shirt which appeared to be blood; that he saw a discoloration on a bed sheet which appeared to be blood. The exclusionary rule imposed upon the states by the holding of the Supreme Court of the United States in the Mapp case, supra, applies not only to the introduction into evidence of physical objects illegally taken, but also to the introduction of testimony concerning objects illegally observed. Wong Sun v. United States, supra [371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441]; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L. Ed. 307; McGinnis v. United States, 1 Cir., 227 F.2d 598."

It is ordered and adjudged by this Court that for the errors noted, the judgment in this cause be reversed and the cause remanded.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.

DeCARLO, J., not sitting.