307 So.2d 40

**Lon MILLER**

**v.**

**STATE.**

**7 Div. 315.**

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

As Corrected on Denial of Rehearing Jan. 21, 1975.

Simmons, Torbert & Cardwell, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Sp. Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was convicted in circuit court for a failure to keep records of a Class II controlled substance as required by Sections 306, 307, and 308 of the Uniform Controlled Substances Act and a fine of $1,000.00 was assessed against the appellant by the jury.

The basis of this prosecution is certain evidence consisting of a quantity of amphetamine capsules found in the drug store operated by appellant when the police officers, operating under authority of a search warrant, found the drugs. The officers further claimed that no record of the possession of this quantity of drugs was kept by appellant as required by the Uniform Controlled Substances Act and regulations promulgated by the State Board of Pharmacy.

The affidavit upon which the search warrant was issued herein is set out as follows:

THE STATE OF ALABAMA, ETOWAH COUNTY

SEARCH WARRANT AFFIDAVIT
ILLICIT NARCOTICS And/or DRUGS

Before me, H. P. Gable Deputy City Recorder of the City of Gadsden, Alabama, personally appeared Sgt. C. E. Stonecypher who being duly sworn deposes and says that he has probable cause to believe and does believe that illicit Amphetamines are contained in the business of Lon Miller located at Sutherlin Drugs, 1020 Tuscaloosa Ave. Gadsden, Alabama, such information and belief being the result of having been informed by an informer who has recently obtained illicit amphetamines from said Lon Miller, the informer is in a position to know having seen Miller with the drugs in his possession. The informer has furnished information that has been accurate on three separate occasions and whom I believe that Lon Miller's Sutherlin Drugs, at 1020 Tuscaloosa Ave. Gadsden, Ala. has concealed or stored about his or her premises illicit Narcotics and/or Drugs, to-wit: Amphetamines, for unlawful use or sale or disposition, contrary to the laws of Alabama.

/s/ C. E. Stonecypher
AFFIANT

Sworn to and subscribed before me this 16th day of February, 1972.

/s/ H. P. Gable
Deputy CITY RECORDER

The affidavit was introduced into evidence as State's exhibit 1, over the objection of the appellant on voir dire examination out of the presence of the jury, and later it was agreed between the parties and the court that appellant should have a continuing objection to the admissibility of the affidavit and as to the drugs found during the search, which objection applied to all evidence thereof introduced during the trial on its merits.

■ For the reasons hereinafter set out, we are of the opinion that the affidavit was legally insufficient to support the issuance of a search warrant and the ensuing search of appellant's premises under the warrant. The warrant authorizes a search of the business premises of appellant and not a search of his person.

Nowhere in the affidavit does it appear that the informer had seen the drugs on the premises of the appellant. The affidavit simply alleges that the informer "has recently obtained illicit amphetamines from said Lon Miller, the informer is in a position to know having seen Miller with the drugs in his possession."

■ The use of the word "recently" to describe the proximity in time when the drugs had been observed by the informer, standing alone, does not measure up to the requirement as to time and is subject to the criticism that it is too uncertain and vague. However, it is held that the word when coupled with the statement that the drug is contained at a described location may be permissible and not subject to the criticism that the description is too vague. But this is not the situation presented to us in the instant case. The present affidavit merely charges that the informer had recently obtained illicit amphetamines from the appellant. There are no other facts set out upon which the issuing magistrate could make a finding of probable cause. See Walker v. State, 49 Ala.App. 741, 275 So.2d 724, cert. denied 290 Ala. 371, 275 So.2d 732.

In Horzempa v. State, 292 Ala. 140, 290 So.2d 220 (1974), the Supreme Court following the rule set out in Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; and the Alabama case of Clenney v. State, 281 Ala. 9, 198 So.2d 293, said:

"Before a warrant for search can be issued, the judicial officer issuing the warrant must be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant."

The remaining allegations in the affidavit are purely conclusions and it is our opinion under the authorities, supra, such fail to reveal factual circumstances sufficient to support the issuance of the warrant.

It follows that the affidavit (State's Exhibit 1), and any evidence, relating to the amphetamines found by the officers in the search of appellant's drugstore was not admissible and the action of the court in holding the affidavit to be valid and the admission of evidence found under the search was error to reverse.

Other matters are argued by the State and appellant which need not be reached in this opinion in view of what has been said above.

■ However, we may observe that in our opinion the use of the letters U.C.S.A. in the complaint filed against the appellant was improper. We know of no authority holding that these initials stand for and may be considered as referring to the Uniform Controlled Substances Act. The demurrers and the motion to quash filed by appellant directed to the complaint should have been sustained and the State allowed to amend if it should desire to do so.

As said above, we see no reason to go further into the questions argued in brief since the case must be reversed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernu-

merary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Reversed and remanded.

CATES, P. J., and ALMON, HARRIS and DeCARLO, JJ., concur.

TYSON, J., recuses self as he was formerly counsel for State Board of Pharmacy in companion case.

Opinion corrected—application overruled.

CATES, P. J., and ALMON, HARRIS and DeCARLO, JJ., concur.

TYSON, J., recuses self as noted above.