TYSON, Presiding Judge.
Appellant was convicted in the Jefferson County Court of possessing gambling devices in violation of Title 14, Section 284, Code of Alabama 1940, and fined $50.00. He appealed to the Jefferson Circuit Court where the charge was presented by the District Attorney’s complaint. The jury found the appellant “guilty as charged in the complaint” and fixed his punishment at a “fine of $500.00.” Because of appellant’s failure to pay the fine, the trial court ordered that the appellant perform 140 days hard labor for Jefferson County.
On May 22, 1976, Deputy Sheriff J. E. Brooks received information from a confidential informant that the appellant was in *549 possession of five shotguns and a rifle which had been taken during a burglary on Happy Top Road in Jefferson County. Deputy Brooks had “worked” a burglary at the residence of an Ernest Kelley on Happy-Top Road three days before, and it was his belief that the Kelley burglary was the only one that had occurred in that area within the year during which guns were taken. The informant also alleged that the appellant was in possession of “illegal pills” and that both the guns and pills could be found at the appellant’s business establishment, the Kountry Kitchen, on Highway 79, Hopewell, Jefferson County, Alabama.
Deputy Brooks took the information that he had received from his informant to the Jefferson County District Attorney’s office and discussed the matter with a member of that office who thereafter drew up a search warrant for him. Deputy Brooks later presented this search warrant to a magistrate, Mr. Wiles, and discussed his informant’s information with him, then swore to an affidavit in the presence of Mr. Wiles who, thereafter, signed the search warrant. The day of the warrant’s issuance was May 25,1975, and it was executed two days later by Deputy Brooks and two other officers at the “Kountry Kitchen.” Their search of the cafe produced none of the items described in the search warrant, but the officers did seize four pistols, one M-80 smoke grenade, forty-nine packs of untaxed cigarettes, a gun holster, a bottle of prescription pills, twelve dice, and eighteen “used punchboards.” The punchboards were found on the middle shelf of a counter “which served as the bar to this restaurant,” and “on top of a freezer inside a box in the Kountry Kitchen . . .(R. pp. 9, 10, 13, 43) The appellant was arrested for being in possession of these punchboards which are gambling devices prohibited by Title 14, Section 284, Code of Alabama 1940.
Appellant filed a pretrial motion to suppress the punchboards alleging that they were the product of an illegal search inasmuch as the “search was made and none of the items named in the search warrant was seized or found on the premises named.” (R. p. 62) Attached to appellant’s motion is a copy of the search warrant and its supporting affidavit which reads as follows:
“CRIMINAL COURT OF JEFFERSON COUNTY
AFFIDAVIT FOR
SEARCH WARRANT
STATE OF ALABAMA
Before me, Ex-Officio Judge of the Criminal Court of Jefferson County, personally appeared J. E. Brooks, Deputy Sheriff, Jefferson County Sheriff’s Office,
who, after being duly sworn, upon his oath deposes and says as follows:
On April 30,1976, the residence of Ernest Kelley at Rt. 1 Box 231-B Happy Top Road, Morris, Jefferson County, Alabama, was burglarized and the following items taken:
(1) Winchester shotgun, Model 12, 16 gauge pump, with new bluing and a repaired place on the bottom rear of fore-piece
(1) Remington 12 gauge automatic shotgun, Model 48 serial No. 3057349
(1) Browning .22 cal. rifle, lever action, with a Sears 4X scope, serial no. 71B49886
(1) Winchester shotgun, model 370, 12 gauge single shot, serial no. unknown
(1) Stevens shotgun, 12 gauge, single shot, serial number unknown
(1) Revelation shotgun, 12 gauge pump, serial number unknown
On May 22, 1976, I talked with a confidential and reliable informant who has furnished me with information in the past relative to stolen property which resulted in the recovery of stolen property, who informed me that the guns that were taken out of a burglary on Happy Top Road were being kept in the basement and the kitchen of the Kountry Kitchen on Highway 79 North, Hopewell, Jefferson County, Alabama. This confidential and reliable informant also informed me that a quantity of illegal pills were being kept at this location in addition to the *550 aforementioned guns. To the best of my knowledge this burglary of Ernest Kelley’s residence is the only one that has occurred on Happy Top Road in the last year where guns were stolen.
Based on the above information, I have probable cause to believe that the above listed items and some illegal pills are being illegally concealed at the Kountry Kitchen on Highway 79 North, Hopewell, Jefferson County, Alabama.
Subscribed and sworn to before me this 25th day of May, 1976.
S/ Wiles_ Ex-Officio Judge, Criminal Court of Jefferson County
S/ J. E. Brooks AFFIANT
“CRIMINAL COURT OF JEFFERSON COUNTY
SEARCH WARRANT
STATE OF ALABAMA
TO: ANY LAWFUL OFFICER OF SAID COUNTY AND STATE
Proof by affidavit having this day been made before me as Ex-Officio Judge of the Criminal Court of Jefferson County that there is probable cause for believing that the following stolen property and illegal pills are presently being concealed at the Kountry Kitchen on Highway 79 North, Hopewell, Jefferson County, Alabama:
1 Winchester shotgun, Model 12,16 gauge pump, with new bluing and a repaired place on the bottom rear of fore-piece. 1 Remington 12 gauge automatic shotgun, Model 48 serial No. 3057349 1 Browning .22 cal. rifle, lever action, with a Sears 4X scope serial no. 71B49886 1 Winchester shotgun Model 370, 12 gauge single shot, serial no. unknown 1 Stevens shotgun, 12 gauge, single shot, serial number unknown 1 Revelation shotgun, 12 gauge pump, serial number unknown.
Said stolen property was taken in a burglary of the residence of Ernest Kelley at Rt 1 Box 231-B Happy Top Road, Morris, Jefferson County, Alabama.
You are therefore commanded to make, in the daytime, an immediate search of the premises described above, a better description of which is not available, for the above described property, and if you find the same or any part thereof to seize the same and hold it until further order from the Criminal Court of Jefferson County. And you are hereby commanded to make a return of this writ within ten (10) days as required by law.
Dated this, the 25th day of May, 1976.
S/ Wiles_ Ex-Officio Judge, Criminal Court of Jefferson County, Alabama
The affidavit on which this search warrant is based being positive that the articles as described are presently on the premises to be searched, this warrant may be executed at any time of the day or night.
Dated this, the 24 day of May, 1976.
Ex-Officio Judge, Criminal Court of Jefferson County, Alabama”
Appellant’s motion to suppress was heard and denied by the trial court as was his motion to exclude the State’s evidence made at the conclusion of the State’s case. The appellant presented no evidence at trial.
I
Before examining the issue of whether or not items of contraband, which are not particularly described in a search warrant, may be seized if found in plain view of an officer who has a right to be in the position to have that view, we must first examine the validity of the search warrant which, in the instant case, initially authorized the officers to conduct a search of the premises in question, the Kountry Kitchen. “ ‘[A] search is not to be made legal by what it turns up . [;] it is good or bad when it starts and does not change character from’ what is dug up subsequently.” Ker v. California, 374 U.S. 23 [N. 12], 83 S.Ct. 1623, 10 L.Ed.2d 726.
*551 When, as here, probable cause for the issuance of a search warrant is based upon an informant’s information, the hearsay information must be measured against the two-pronged test as enunciated in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), which requires that the affidavit used to obtain the search warrant reveal the following:
(1) Underlying circumstances showing the basis of the informant’s conclusion that the items to be seized are where he said they were (See Miller v. State, 54 Ala.App. 230, 307 So.2d 40, and authorities therein cited); and
(2) Underlying circumstances which give cause to believe that the informant is a credible person. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Dudley v. State, Ala. Cr.App., 342 So.2d 437 (1977); and Bates v. State, 51 Ala.App. 338, 285 So.2d 501, cert. denied 291 Ala. 773, 285 So.2d 506, cert. denied 416 U.S. 939, 94 S.Ct. 1940, 40 L.Ed.2d 289.
Applying these criteria to the instant case, it is evident that Deputy Brooks’ affidavit did not afford the magistrate a substantial basis for concluding that the property sought was located at the premises described. It is unknown whether the informant obtained his information from personal observation of the guns and pills at the Kountry Kitchen or “from an off-hand remark heard at a neighborhood bar.” Thus, the basis of the informant’s information is not here shown. Spinelli v. United States, supra.
There is a declaration by the affiant, Deputy Brooks, of the previous reliability of his informant; however, Aguilar requires more because even a credible informant can reach unjustifiable conclusions, especially if they are based on hearsay or circumstantial evidence.
Moreover, there are no other allegations in the affidavit which would support or independently corroborate the informant’s tip to make it “as reliable as one which passes Aguilar’s requirements when standing alone.” Spinelli v. United States, supra; United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Walker v. State, 49 Ala.App. 741, 275 So.2d 724, cert. denied 290 Ala. 371, 275 So.2d 732; Miller v. State, 54 Ala.App. 230, 307 So.2d 40.
Furthermore, the affidavit was not supplemented at the motion to suppress hearing by evidence of additional facts, proven to be known to Deputy Brooks at the time the affidavit was made, and discussed with the magistrate, but which he failed to set out in his affidavit. See Funches v. State, 53 Ala.App. 330, 299 So.2d 771, cert. denied 293 Ala. 752, 299 So.2d 778, cert. denied 419 U.S. 1114, 95 S.Ct. 793, 42 L.Ed.2d 813; Oliver v. State, 46 Ala.App. 118, 238 So.2d 916.
Since the affidavit was insufficient to establish probable cause, issuance of the warrant was improper, and the evidence obtained (the punchboards) should have been suppressed, the judgment of the court below is therefore reversed and the cause remanded. Cases herein cited.
REVERSED AND REMANDED.
DeCARLO, BOOKOUT and BOWEN, JJ., concur.
HARRIS, J., concurs in result.