290 So.2d 217

**John J. HORZEMPA, Jr., alias**

**v.**

**STATE.**

**5 Div. 148.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Rehearing Denied Sept. 25, 1973.

Jacob A. Walker, Jr., Opelika, for appellant.

CATES, Presiding Judge.

Possession of marijuana on or about January 23, 1971: sentence, five years in the penitentiary.

I

The affirmance or reversal of this appeal rests on the constitutional validity of a search warrant. The affidavit on which the issuing magistrate, Judge of the Court of Common Pleas of Lee County, relied, was in pertinent part as follows:

"Affiant has received information from two different reliable informants that they have been in the above described residence on several occasions recently and there have been drugs that are above described in the residence of John Thomas Walding. Both informants have made numerous drug buys for affiant in the past two weeks and their reliability has been established. The last buy was made three days ago and was a good buy. Both informants state the above drugs of Marihuana and Mescaline are now in the house which is described above and occupied by John Thomas Walding, alias * * * John Doe, alias, whose name is unknown to the affiant."

No relevant oral or other written testimony was laid before the judge. Hence, Oliver v. State, 46 Ala.App. 118, 238 So.2d 916 (majority opinion) is not controlling here. The trial court overruled a pretrial motion to quash the search warrant and to suppress the evidence fructified from its use. (R. 2). Following the minority adjuration in Dawson v. State, 47 Ala.App. 293, 253 So.2d 362, Horzempa's counsel complied with the double objection requirements, i. e., on trial he objected to the introduction of the fruits of the search into evidence. (R. 80 et seq.).

William J. Baxley, Atty. Gen., and Charles R. Hare, Jr., Sp. Asst. Atty. Gen., for the State.

Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 are our points of departure. Neither of these two cases has been substantially changed at the last term of the Supreme Court of the United States.

*Aguilar,* supra, basically—on what is probable cause to get a search warrant— lays down two requirements. First, as to conclusions of the affiant there must be underlying circumstances given to the magistrate whereon the affiant concluded that his informant was reliable, or perhaps "prudent" as in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (plurality opinion).[1] Davis v. State, 286 Ala. 117, 237 So.2d 640.

Second, *Aguilar* also requires a recital in the affidavit of underlying circumstances given by the informant and in turn by the affiant to the magistrate for the informant's conclusion as to the location of the contraband. So that the magistrate, in determining probable cause, is necessarily confined to sworn evidence. Hearsay is admissible to get a warrant, but it must come through a witness who tells under oath that he has heard it. Clenney v. State, 281 Ala. 9, 198 So.2d 293.

In *Harris,* supra, the affidavit as to underlying circumstances of the informant's conclusion contained a statement against the informant's penal interest. This admission was:

"This person [i. e. the informant] * * * has purchased illicit whiskey from within the residence described, for a period of more than 2 years, and most recently within the past two weeks * * *."

This inculpatory matter in *Harris* was preceded by the following recital as to affiant's action to ascertain whether or not the unidentified informer was truthful:

"I have interviewed this person, found this person to be a *prudent* person, and

have, under a sworn verbal statement, gained the following information: * * *." (Italics added).

The plurality opinion in *Harris* relies heavily on Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

Here the officer used the adverb "recently" to qualify the time of the two different informants being in the residence. In Reynolds v. State, 46 Ala.App. 77, 238 So.2d 557 "recently" was found acceptable when "coupled with the statement that the drugs 'are contained' at the described location." Judge Price relied heavily on Sutton v. State, Tex.Cr.App., 419 S.W.2d 857. Judge Almon dissented without opinion. Walker v. State, 49 Ala.App. 741, 275 So. 2d 724 says:

"*Reynolds* is just another case pointing up that vagueness of the time element is a vice in affidavits that is fatal."

Moreover, we do not think that the mere coincidence of the word "recently" in the case at bar and in *Reynolds* necessarily makes the latter controlling here. In search and seizure the facts of each case must be looked to critically.

"Recently" alone is not enough to meet the test of Rosencranz v. United States, 356 F.2d 310 cited approvingly in *Davis,* supra, and in *Walker,* supra. In White v. State, 72 Ala. 195 we find:

" * * * What is meant by 'recent,' is incapable of exact or precise definition, and the term has been said to vary, 'within a certain range, with the conditions of each particular case.' Whart. Cr. Ev. § 759. * * *"

In *Sutton,* supra, the informant "has seen the marihuana recently." The affiant's surveillance noted known users "going to and from the location."

---

1. *Harris* was a federal prosecution hence it does not require state courts to alter their concepts of what is a reliable informer under *Aguilar.*

In Waggener v. McCanless, 183 Tenn. 258, 191 S.W.2d 551, we find:

" * * * We have no hesitation in deciding that to a reasonable mind, a statement by an observer at the time he made application for a warrant, that he had just recently seen a quantity of liquor stored on certain premises and had within the last few days, bought drinks of intoxicating liquor on those premises, would lead to the conclusion that the unlawful condition continued to exist on those premises at the time of the application for the warrant."

Our next enquiry is to ascertain if in the affidavit sub judice the expression "recently" is further modified so that the reasonable mind could resolve that the recent circumstances are still prevalent at the time the magistrate puts his pen to the warrant.

To do this we note that the following matter does not refer to the Walding residence, but rather is used to establish the reliability of the unidentified informants:

"Both informants have made numerous drug buys for affiant in the past two weeks and their reliability has been established. The last buy was made three days ago and was a good [sic] buy."

Returning to "recently" and its amplification vel non we note *first,* "there have been drugs * * * in the residence" and *second,* "both informants state the above drugs * * * are now in the house * * *."

But the instant affidavit (to paraphrase from *Davis,* supra) does not state how the informants learned of the drugs being in the house. Nor does it show how they arrived at the statement as to the presence of drugs being there "now." Nor does it show whether the informants saw, touched, smelled, bought, or otherwise came in contact with the drugs on the several "recent" occasions when they were in the residence.

Quoting from *Davis,* we continue:

" * * * *Spinelli* [393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637] emphasized that it is important for the magistrate to have information before him on which he can determine that the informant's conclusions are reasonable 'so that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld.' The court later said, in evaluating an informant's statement, 'This meager report could easily have been obtained from an offhand remark heard at a neighborhood bar.'

"While the affidavit here does purport to contain more support for the informant's conclusion than was present in *Aguilar* and *Spinelli,* the affidavit is still deficient. For all the magistrate knew, this information was fifth hand. The informant's statement, as related by the officer, did not indicate that Davis had made this statement to the informer himself. Such a basis for the informer's conclusion would be much less persuasive than more direct support for the informer's conclusion, for example, a statement that he had seen the narcotics or had purchased narcotics from Davis at the restaurant. Thus, this one underlying circumstance, with its potentiality for being a 'rumor circulating in the underworld,' is not a sufficient showing of the circumstances from which the informant concluded that the narcotics were where he said they were."

We consider the affidavit failed here to give sufficient underlying circumstances from which the informants exhibit probable cause that the drugs are where they claimed them to be. *Aguilar,* supra; *Davis,* supra. The fruits of the search should have been excluded from evidence.

Accordingly, the judgment below is due to be reversed and the cause remanded for new trial.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON, and HARRIS, JJ., concur.

DeCARLO, J., dissents.