We granted this petition for writ of certiorari, filed by the State, seeking our review and reversal of a decision of the Court of Criminal Appeals, Ala.Cr.App., 340 So.2d 43, wherein that court reversed and remanded a judgment of conviction of one Neugent for illegal possession of amphetamines. *Page 53 
The reversal was based upon the conclusion of a majority of that court that the affidavit, supporting the search warrant, did not sufficiently aver "probable cause" in that it failed to meet the first "prong" test of Aguilar v. Texas, 378 U.S. 108,84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), i.e., requiring that the magistrate be informed of some of the "underlying circumstances" from which the informant concluded that the drugs were where he claimed they were.
Thus, the question is: "Are there sufficient allegations in the affidavit as to the underlying circumstances from which the magistrate could conclude that the informant's information was `reliable'?"
We answer in the affirmative and reverse and remand the judgment and decision of the Court of Criminal Appeals.
The affidavit in question was executed by Detective Sergeant John Cooke of the City of Tuscumbia Police Department before Judge Jerry M. Vanderhoef and reads as follows:
 "`STATE'S EXHIBIT A
"`STATE OF ALABAMA} }
"`COLBERT COUNTY }
"`Personally appeared before me, Jerry M. Vanderhoef, Judge of the Colbert County Court of Colbert County, Alabama, John Cooke, who after first being duly sworn by me, and who is personally known to me, deposes and says as follows:
"`I have received information from a person whose record ofreliability for correctness has been good; that there is presently contained on the premises of Neugent Truck Stop and/or Lewis Neugent Residence, the residence being located some 150 to 200 yards West of said truck stop, the residence being reached by traveling West on a dirt road within approximately 50 feet of said truck stop. The truck stop to be searched is reached by traveling South on U.S. Highway 43 from its intersection with U.S. Highway 72 for approximately one to one and one-half miles; the truck stop being located on the West side of U.S. Hwy. 43. The truck stop being a truck stop and restaurant combination contained in one white block building, approximately 100 feet West of U.S. Hwy. 43, the residence of Lewis Neugent being reached by traveling West on a gravel road located approximately 50 feet North of said truck stop for a distance of 150 to 200 yards. The residence being the only dwelling house located on said gravel road, the residence being a brick or masonry building in the police jurisdiction of Tuscumbia, Colbert County, Alabama, illegal drugs, to-wit: Marijuana, amphetamines and barbiturates. Theaforesaid informant stated that he saw the said illegal drugson said premises described on the 9th day of August, 1973, 3hours prior to making this affidavit. The informant also statedthat Lewis Neugent, who resides at the above address, was seenselling amphetamines at the truck stop but the amphetamines arebrought from the residence. This information was given to me by said informant August 9th, 1973.
"`Based on all the above information received from my reliable informant, I have probable cause to believe and do believe that there are contained in the residence of Lewis Neugent and Neugent Truck Stop, located at Highway 43 South Tuscumbia, Colbert County, Alabama, illegal drugs, to-wit: marijuana, amphetamines and barbiturates.
"`I make this affidavit for the purpose of securing search warrants for the purpose of searching Lewis Neugent and the premises located at Neugent Truck Stop and Lewis Neugent residence West of Highway 43 South, Tuscumbia, Colbert County, Alabama.
"`/s/ John Cooke
Affiant
"`Sworn to and subscribed before me, this the 9th day of August, 1973.
"`/s/ Jerry M. Vanderhoef
Judge'
"(Emphasis supplied.)"
The affidavit describes the premises to be searched as "Neugent Truck Stop and/or Lewis Neugent Residence," althoughthe warrant was issued only to search the residence. *Page 54 
Both places were searched but drugs were found and seized onlyat the residence. This search and seizure formed the basis for the subsequent prosecution.
 I.
First, we should note that the Court of Criminal Appeals held that the assertion in the affidavit ["I have received information from a person whose record of reliability for correctness has been good"] was sufficient to support the second "prong" of Aguilar, the test as to "credibility" of the informant. In so doing, the Court seemed to invite our comment as to the viability of our "Possum" Davis case [State ex rel.Attorney General (In re: Horace E. Davis, alias v. State),286 Ala. 117, 237 So.2d 640 (1970) (per Merrill, J.)], because the court wrote that subsequent holdings by federal courts and by our Court "would indicate that the language approved of inState ex rel. Attorney General may no longer be held to be valid." The affidavit in the instant case is identical in wording to that in Davis, "I have received information from a person whose record of reliability for correctness has been good;. . . ." We respond by taking this opportunity to reaffirmDavis, holding this averment to be sufficient for the reasons stated in Davis. We know of no United States Supreme Court decision to the contrary.
 II.
The Court of Criminal Appeals concludes that the second prong of Aguilar is not satisfied. This is the basis for the reversal and presents us with the question: "Are the allegations in the affidavit sufficient to satisfy the reliability of the informant's information?"
The affiant states that an otherwise reliable informer says he saw the drugs on the premises three hours before making the affidavit. Affiant then adds the informer stated that Neugent, who resides at the residence, was seen selling drugs at the truck stop but they were brought from the residence.
We think these statements are sufficient to satisfy theAguilar test as to the "reliability" of the informant's information. Admittedly, if the affiant had stated the informer saw the selling take place, and when, the case would have been much stronger. Nonetheless, we think the timely observation of the drugs at the house coupled with the statement that Neugent was seen selling drugs at the truck stop, which were brought from the residence, is sufficient.
The Court of Criminal Appeals finds further fault with the affidavit because it describes the premises as "Neugent Truck Stop and/or Lewis Neugent Residence." Although use of "and/or" has been held to be "slovenly pleading," "equivocal, uncertain, and indefinite," by some courts, and as "textually dangerous" and "indefinite and uncertain," by our courts in civil cases, their use has been held not to be demurrable. (See special concurrence in Air Engineers, Inc. v. Reese, 283 Ala. 355, 363,217 So.2d 66, 77 (1968).) We do not consider their use here to be fatal to the state, particularly in view of the fact that the warrant was only for the residence and the seizure was of drugs in the residence. Moreover, our Court has held "and/or" to allege in the disjunctive. Hays v. McCarty, 239 Ala. 400,195 So. 241 (1940). And, as to one of the disjunctives (i.e., the residence), the averments are in compliance with Aguilar.
The best generally accepted definition of "probable cause" is that it exists where
 ". . . the facts and circumstances within their [the officers] knowledge and of which they had reasonable trustworthy information [are] . . . sufficient in themselves to warrant a man of reasonable caution in the belief that [an offense has been or is being committed]."
Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288,69 L.Ed. 543, 555 (1925).
We think "probable cause" was satisfied here. To reach any other conclusion, in our judgment, would subject the affidavit in this case to the sort of hypertechnical construction condemned by the United States Supreme Court in United States v. *Page 55 Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), quoted with approval in United States v. Harris, 403 U.S. 573,91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
ALMON, J., concurs in the result.
HEFLIN, C.J., not sitting.