HARRIS, Presiding Judge.
Appellant appeals from a judgment of conviction for possessing heroin for which he was sentenced to fifteen years in the penitentiary. The only evidence came from a search.
We are pressed for a reversal on the contention that the affidavit upon which the search warrant was issued was insufficient and invalid. There are other matters raised on this appeal but, in our view, it is unnecessary to treat any of the issues except the validity of the affidavit.
The affidavit reads:
“AFFIDAVIT FOR SEARCH WARRANT “STATE OF ALABAMA JEFFERSON COUNTY CITY OF BRIGHTON
“Before me, Judge of the Recorders Court, City of Brighton, Alabama, personally appeared Dan W. Hill who, after being duly sworn, upon his oath deposes and says as follows: I have received in *360 formation from a person whose record of reliability for correctness has been good; that there is presently contained on the premises at 1510 Clay Street, Brighton, Alabama illegal drugs, to-wit: Heroin, Amphetamines and Barbiturates. The aforesaid informer reports to me that Lu-die Johnson who lives at this address has recently received two ounces of uncut Heroin.
“On the day of October 26, between the hours of 5:00 p. m. and 7:00 p. m. I observed seven persons go into the residence at 1510 Clay Street, Brighton, Alabama and stay for less than ten minutes and then leave. On the morning of October 28,1 observed four different automobiles arrive at or near this residence and at least one occupant from each automobile go into this residence and stay for a short period of time and then leave. “Based on the information received from my reliable informer and on my personal observations on the unusual large amount of different individuals and vehicles going to and from 1510 Clay Street, I have probable cause to believe and do believe that are contained at this residence of Ludie Bell Johnson, 1510 Clay Street, Brighton, Alabama illegal drugs, to-wit: Heroin, Amphetamines and Barbiturates. I make this affidavit for the purpose of securing search warrant for Ludie Bell Johnson and the premises at 1510 Clay Street, Brighton, Alabama.
“Subscribed and sworn to before me this 28th day of October, 1977
/s/ Dan W. Hill AFFIANT
/s/ David H. Hood. Jr.
“JUDGE, RECORDERS COURT CITY OF BRIGHTON, ALABAMA”
We hold the affidavit does not meet one prong of the “two pronged test” of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.
In Ex parte State of Alabama ex rel. Attorney General, In re Louis E. Neugent, alias v. State of Alabama, 340 So.2d 52, the Supreme Court held that an affidavit reciting, “ ‘ “I have received information from a person whose record of reliability for correctness has been good,” ’ ” was sufficient to establish the informant’s credibility for purposes of issuing the search warrant. In so holding the Court reaffirmed its decision in the “Possum” Davis case (State ex rel. Attorney General), 286 Ala. 117, 237 So.2d 640.
The other “prong” of Aguilar is absent from this affidavit. As the Court said in Aguilar:
“The affidavit here not only ‘contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,’ it does not even contain an ‘affirmative allegation’ that the affiant’s unidentified source ‘spoke with personal knowledge.’ For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner’s possession. The magistrate here certainly could not ‘judge for himself the persuasiveness of the facts relied on * * * to show probable cause.’ He necessarily accepted ‘without question’ the informant’s ‘suspicion,’ ‘belief’ or ‘mere conclusion.’ ”
The testimony revealed that the officer-affiant received his information from a fellow officer who in turn received his information from an unidentified source. The officer-affiant was not given the name of this informant nor was he told this unidentified source had personal knowledge that narcotics were presently contained on the premises at 1510 Clay Street, Brighton, Alabama. There was absolutely no evidence before the Magistrate that anyone had personal knowledge that narcotics were where the officer-affiant swore they were to be found.
We conclude that the search warrant should not have been issued because the affiant did not provide a sufficient basis for a finding of probable cause and that the evidence obtained as a result of the search warrant was inadmissible in appellant’s trial.
*361 The judgment of the lower court is reversed and the case remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.