LEIGH M. CLARK, Retired Circuit Judge.
Appellant (defendant) was tried under an indictment charging him with the possession of marijuana, a controlled substance. A jury found him guilty of “possession of marijuana for his personal use” and fixed his punishment at a fine of one thousand dollars. The court added to his punishment imprisonment in the Lee County Jail for twelve months and sentenced him accordingly.
On a judicial determination of indigency, counsel was appointed by the court, who represented him throughout the proceedings in the trial court and continues to represent him on appeal. During the trial, in many instances the defendant conducted himself as if he were his own advocate, and on appeal he has filed a brief on behalf of himself, which we consider along with the brief filed by his attorney and the brief filed by appellee. Defendant did not testify *272 in the case but called his attorney as a witness for defendant and interrogated him as to the description and location of the premises where, according to evidence for the State, the marijuana was found.
In the brief of counsel for appellant there are four issues expressly presented, which we will hereafter separately consider. In the pro se brief, two issues are expressly presented; neither of which is in the exact language of any of the issues stated in the brief of counsel for appellant, but both of them are substantially discussed in one or both of such briefs and will be considered as we consider brief of appellant’s counsel in the order of the issues presented therein.
According to the undisputed evidence, on July 24, 1979, a large amount of marijuana was found by deputies of the sheriff of Lee County in a. house and near the house “on the left traveling South on Lee County Road # 43 from the intersection of Lee County Road # 43 and Lee County # 12” in Lee County. There was no evidence that the house had been occupied recently by anyone other than defendant. There was substantial evidence that he had been seen there on “numerous occasions” prior to July 24, 1979, primarily “in his front yard, and also, pulling out onto the road in his dump truck from the house.” Although the evidence is not as definite as to time and place as to defendant’s connection with the house and adjoining premises as it possibly should be, it appears that it is sufficient to show such an exclusive dominion thereover as to afford a reasonable inference that he was in knowledgeable possession of the premises, including the marijuana. There is no contention to the contrary.
The first issue presented by appellant’s counsel is whether the trial court erred in refusing to grant defendant’s motion to dismiss the case because of his alleged failure to receive a speedy trial. He raised the point by a motion to dismiss filed on the day of trial, May 20,1980, which was then overruled after a hearing at which no evidence was presented but a colloquy transpired among the court, two attorneys for the State, defendant’s attorney and defendant himself, in which it seems that it became understood among them that there had been two previous firm settings of the case for trial, one for November 1979 and the other for March 31, 1980. Minute Entries show the following:
“11- -79. On Motion of the District Attorney, not resisted by the defendant, this case is hereby continued until next term of Court.
“3-31-80. On motion of the District Attorney, this case is hereby continued to the Spring, 1980 Term of this Court.”
There were allusions to inconvenience, anxiety, complications in regard to work and the intervening illness and death of defendant’s great-grandfather, as well as to the absence at the time of two witnesses by whom defendant wished to show that there were persons in addition to defendant “who frequented the premises of the house that was searched.” It was undisputed that defendant was not confined but was free on bond during substantially all of the time between his arrest and the day of trial. During the colloquy, the District Attorney stated as to the continuances of the case:
“With the consent of the defendant’s attorney, each time. I’ll be glad to get on the witness stand and testify about that.”
No issue was taken as to such statement. Just before the court overruled the Motion to Dismiss, counsel for the defendant and counsel for the State stated respectively:
“MR. JONES: I have nothing else to present.
“MR. WILKES: I would just submit that the case has been continued but it was not intentionally continued to cause any hardship or detriment to the defendant.”
Continuances of a criminal case need not be “to cause any hardship or detriment to the defendant” in order for them to be factors in a denial of a speedy trial, but more is needed in support of a motion to dismiss for such an alleged denial than is to be found in the record proper and in the transcript in the instant case. No authority cited by appellant purports to be based upon facts similar or analogous to the cir *273 cumstances of the instant case. Appellee aptly refers to the “excellent opinion written by Judge Bowen,” to which we also refer for recent collation of authorities and guiding principles of law on the subject. Wade v. State, Ala.Cr.App., 381 So.2d 1057, cert. denied, 381 So.2d 1062 (1980).
The next issue presented in the brief of counsel for appellant is whether the court erred in overruling defendant’s motion to suppress the evidence seized on the basis that there was a “failure of the search warrant to properly describe the premises to be searched.” The search warrant described the person and premises to be searched as follows:
"... the person and premises of John Doe, alais [sic], whose name is unknown, a white male, approximately 30 years of age, 6'0" tall, 185 pounds, wearing a black beard and hair, said residence in the second building on the left traveling South on Lee County Road # 43 from the intersection of Lee County — Road # 43 and Lee County Road # 12 in Lee County, Alabama, said search to include all persons, vehicles and out buildings located on above described premises.”
On the hearing of the Motion to Suppress, a mass of evidence, including more than a dozen pictures, was presented by defendant in an effort to show that the building searched and in which some of the alleged marijuana was found was not “the second building on the left traveling south on Lee County Road # 43” from its intersection with Lee County Road # 12. Defendant showed in one sense at least that there was more than one building in the designated area between the building searched and the intersection. In doing so defendant and his attorney emphasized the word “building” and the words “second building” with little or no regard for the preceding word “residence” in the warrant or for the word “residence” as it appears twice in the affidavit upon which the warrant was based and twice in the introductory clause of the warrant, signed by a circuit judge of the Circuit Court of Lee County. The prosecution, on the other hand, emphasized the word “residence in an effort to show, and did show, we think, that the buildings in the area between the building searched and the building adjacent to the intersection would not be classified as residences “on Lee County Road # 43.” Some were too far off the road; some too small for a residence; one was an old church building that had been diverted into a sign shop. A picture of the building that was searched shows distinctly that it was a residence, a residential building, though dilapidated and undesirable. It has a front chimney as if to a living room or bedroom, a back chimney as if to a kitchen, a porch with a roof, a house with an A-frame roof, windows with window panes in them, a building which in its outward appearance indicates unquestionably that it was built for a residence. The description of the building in the warrant was adequate; it did not and could not have led to a mistake as to the identity of the building to be searched. All of the marijuana seized was either in the building or on the premises of the building, some of it still growing, and some of it had been harvested by cutting. As stated in Yielding v. State, Ala.Cr.App., 371 So.2d 951, 958, writ denied, Ex parte Yielding, 371 So.2d 962 (1979), “all that is needed to meet the requirements of specificity as regards a search warrant authorizing the search of a residence for specific goods is that a prudent officer is able to locate the property with reasonable certainty from the face of the warrant.” This the officers could do and did.
The third insistence on a reversal contained in the brief of counsel for appellant is that the court was in error in denying defendant’s motion to suppress evidence seized in the search of the residence on the ground that the search warrant “did not properly describe the individual alleged to be involved with the premises.” Code of Alabama 1975, § 15-5-3 provides:
“A search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched.”
*274 It appears from the evidence on the hearing of the Motion to Suppress evidence as to the marijuana found in the house and on the premises, that there was a variance between the description of “John Doe” as found in the search warrant and the supporting affidavit and a description of the defendant, the major variance being that defendant lacked about six inches of being as tall and about thirty pounds of being as heavy as the height and weight of defendant. In other respects the description was correct. Assuming, but not deciding, that such discrepancy would have invalidated the search of the person of defendant, it does not necessarily follow that it should invalidate the search of the house and the premises made at a time when defendant was not present, and in a manner that did not constitute a trespass into the building or upon the premises, upon which there was no forcible entry. There may be some question as to whether there was strict adherence to the language of Section 15-5-3, but we have held that as to a warrant for the search of premises, it is better, as a general rule, that the search warrant contain the name [or, as permitted by § 15-5-3, a description] of the owner or occupier of the premises to be searched, but that there is no constitutional requirement that it do so. Cabble v. State, Ala.Cr.App., 347 So.2d 546, cert. denied, 347 So.2d 551 (1977).
Although the warrant directs the search of the person and the premises, there was never any search of a person pursuant to the warrant, which was obviously contemplated by the warrant in the event the person described in the warrant was on the premises at the time of the search. We fail to see any logical basis for a complaint by defendant that there was any inaccuracy in the description in-the warrant of the person to be searched. Such rationalization finds some support in the following rationale:
“In the absence of statute, the requirement of a description of the person ordinarily applies only where there is to be a search of the person — it is not required that the owner or occupant of premises be named or described in a warrant for the search of such premises. Similarly, a warrant for the search of premises only, and not for the search of a person, is not invalidated by virtue of the fact that it designates the owner of the premises as ‘John Doe,’ nor by the fact that the name of the owner of the premises is incorrectly inserted in the warrant.” 68 Am. Jur.2d Searches and Seizures, § 79.
The final insistence for a reversal in the brief of appellant’s counsel is that the court committed reversible error “when it allowed the introduction into evidence of items not mentioned in the return of the search warrant.” The return of the search warrant shows that it was executed and that the following described items were found:
“Four Stalks of Marihuana Plants, Ten Hand Rolled Cigarett Butts, Three Glass Vials with Plastic Caps Containing Powder Residue Two Plastic Bags Containing Seeds and Residue, One Plastic Bag Containing Small Amount of Marihuana Residue, One Cellophane Cigarett wrapped Containing Marihuana, One Hundred and Ten Growing Marihuana Plants.”
We find no material difference between the items described in the Return and those described in the evidence, other than that there were references to other items that were in or on the property that would generally be expected of any witness who is testifying as to the description or location of contraband. In his argument, counsel states:
“For the failure of the Search Warrant to so state with particularity the items seized, those items not specifically called out in the Return of the Search Warrant should not have been admitted into evidence and the defendant’s Motion to Suppress should have been granted.”
The ruling of the court on the pretrial Motion to Suppress should be considered as separate and distinct from any ruling on the trial as to the admission of evidence on the ground that such evidence did not embrace the items designated in the Return of the Search Warrant. Our attention is not called to any definite ruling or rulings of *275 the trial court as to the matter complained of in the final insistence on a reversal of appellant’s counsel and we find none.
In the pro se brief of appellant, he complains that the search warrant does not follow the form prescribed by Code of Alabama 1975, § 15-5-6 in that it does not include the language “in the daytime (or at any time of the day or night, as the case may be) to make” the search and that there was a failure to comply with § 15-5-8 in that there was a failure to “state in the warrant, according to the character of the affidavits, whether it is to be executed by day or at any time of the day or night.” It seems clear that the purpose of the quoted language in the two sections of the Code is to protect one against a search in the nighttime that should be made in the daytime. The undisputed evidence in the instant case is that the search was in the daytime. This particular complaint of appellant is not valid.
A large part of appellant’s argument in his pro se brief as it pertains to the only other issue presented by him has heretofore been treated in connection with our resolution of the issues presented in brief of his counsel. In addition, he argues that the affidavit upon which the search warrant was based does not show sufficient probable cause for belief that marijuana was in the house or on the premises involved to justify the issuance of the warrant. The affidavit was made by Lt. Ronnie Watkins, who personally appeared before Circuit Judge G. H. Wright, Jr., and swore:
“That a reliable informant working under the direction of affiant has on several occasions observed a quantity of Marijuana at above described residence in possession of above-described white male. That said informant has within the past two days observed marijuana plants growing in a garden at the rear of the above-described and additional Marijuana plants growing in the woods approximately one hundred yards to the rear of the above-described residence. That said informant has within the past three days observed Marijuana in the residence described above. That said informant has over the past four months given affiant information that has proven to be true and correct and has led to three arrests on drug violations.”
On intensive and extensive interrogation of Lt. Watkins by defendant, it seems that defendant obtained some comfort out of the fact that Lt. Watkins was not in more constant contact with the informant than his testimony showed. The interrogation was interspersed by efforts to obtain a revelation from Lt. Watkins as to the identity of the informant, but which properly was never made. Our review of the evidence does not convince us that the Circuit Judge trying the case, a different Circuit Judge from the one issuing the warrant, was not rightfully satisfied, as his ruling indicates, that the informant was reliable and that under all the circumstances there was probable cause for believing, as Judge Wright concluded, that marijuana was at the time of the issuance of the warrant, on the same day it was executed, both in the house and on the premises searched pursuant to the warrant. Among the cases cited by appellant in support of his second insistence is Horzempa v. State, 52 Ala.App. 153, 290 So.2d 217 (1973), aff’d 292 Ala. 140, 290 So.2d 220 (1974), in which the trial court was reversed by reason of the inadequacy of the affidavit purporting to support the issuance of a search warrant. The appellant in that ease is the same as the appellant in the instant case; the trial court in both cases is the same; the charge in that case is the same as the charge in this case. However, the result in this case should not be the same as in that case, for in it the affidavit “failed to give sufficient underlying circumstances from which the informants exhibit probable cause that the drugs are where they claimed them to be.” (52 Ala.App. 153, 290 So.2d at 220), while in the instant case the affidavit of Lt. Watkins established the reliability of the informant and the personal knowledge of the informant as to the actual existence of harvested marijuana in the house within the preceding three days and of growing marijuana on the premises within the preceding two days, *276 so located and of such quantity and nature as to indicate a connected illegal operation as to the particular prohibited substance to continue to and, if not halted, beyond the day of the search. Neither Horzempa, supra, nor any other authority that has come to our attention supports appellant’s contention that the Motion to Suppress should have been granted.
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his/ opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.