TAYLOR, Presiding Judge.
The appellant, James Dewitt Hutchins, was convicted of unlawful possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to ten years in the State penitentiary and was ordered to pay a $25.00 crime victims assessment.
The facts tended to show that on November 15, 1988, Investigator James Goolesby, of the Jackson County Sheriff’s Department, obtained information from a confidential informant that cocaine was being sold at a particular residence. The informant gave Investigator Goolesby directions and a description of the residence and also said that a man by the name of “Dillard Hutchins” was the person selling the cocaine. Based upon this information, Detective Goolesby sought and obtained a search warrant from District Court Judge Ralph Grider.
Upon receipt of the search warrant, Detective Goolesby, Deputy Sheriff Hardic, Chief Deputy Wells, and some other officers went to the appellant’s trailer to execute the warrant. Deputy Hardic put a jacket over his uniform and he and Detective Goolesby went to the back door of the trailer and knocked. A woman’s voice asked who it was, to which Deputy Hardic replied, “Jimmy.” Carolyn Ann Joyner opened the door and Detective Goolesby and Deputy Hardic walked in.
Present in the residence were the appellant, Ms. Joyner, Teresa Ware, and a male infant. The officers informed them that they were from the sheriff’s department and were there to execute a search warrant. Deputy Wells and the other officers came into the trailer to secure the premises and keep the occupants under control.
Ms. Joyner immediately started complaining that she was having a heart attack. She went to where the appellant was sitting and became even more agitated, claiming that she was having chest pains and could not breathe. The appellant leaned over to Ms. Joyner “and he put his *1114 left arm around her shoulders and he ran his right hand down her gown.” Detective Goolesby, who was approximately a foot away, saw the appellant put what appeared to be a plastic bag into Ms. Joyner’s gown. Ms. Joyner continued her complaints and said she needed to see her doctor.
An ambulance and a matron from the Stevenson Police Department were called to the scene. The ambulance arrived before the matron. The attendants put Ms. Joyner on a stretcher and took her out to the ambulance; however, she refused to let them examine her. When the matron arrived, she was also unable to search Ms. Joyner.
Detective Goolesby then told the appellant that he knew the appellant had put cocaine down Ms. Joyner’s gown and that unless the appellant could get it back from her, she was going to- be taken to jail and charged with possession. The appellant thought about it for a minute and then agreed to talk to Ms. Joyner. He went to the ambulance and said, “Honey, give me that stuff that you got that I gave you a while ago.” She obliged, then got out of the ambulance and returned to the trailer. Detective Goolesby surmised that it was “a miracle cure.”
A large plastic bag containing thirteen smaller bags was seized from the appellant. Each small bag contained a white powdery substance which was later identified by the State Department of Forensic Sciences in Huntsville as cocaine. The appellant was arrested for possession of cocaine. Ms. Joyner was charged with resisting arrest.
The appellant raises two issues on appeal.
I
The appellant first contends that the trial court erred in denying his motion to suppress due to an alleged illegal search of a person not named or described in the search warrant and due to an alleged lack of probable cause to support the search warrant.
The affidavit in support of the search warrant reads as follows:
“Before me, Ralph Grider, District Judge of the Jackson County Court personally appeared James Goolesby, who being duly sworn, deposes and says that he has probable cause to believe and does believe that at the residence of Dillard Hutchins, there is cocaine in violation of the Alabama Criminal Code 13A-12-212 and against the peace and dignity of the State of Alabama.
“The residence is located and described as follows: From Scottsboro take US east to Bridgeport. Turn right on Kendall St., go one block, turn right on 6th Street, go to the 1st double wide mobile home on left, light grey with white trim approximately 200 yds on left.
“Probable cause consists of information from a confidential reliable informant who has seen cocaine and has seen it sold at residence of Dillard Hutchins. Said confidential reliable informant has furnished information on numerous occasions in the past that have proved to be truthful. Arrests have been made as a result of this information on more than three occasions. Said informant has seen cocaine sold at residence in the past 24 hours. Informant can identify cocaine by sight and packing.”
The search warrant reads:

“SEARCH WARRANT

“THE STATE OF ALABAMA, JACKSON COUNTY

“TO THE SHERIFF OR ANY DULY AUTHORIZED DEPUTY OF JACKSON COUNTY:

“Proof by Affidavit having been made this day before me, by James Goolesby that he has probable cause to believe and does believe that at the residence of Dillard Hutchins there is cocaine a controlled substance in violation of the Alabama Criminal Code 13A-12-212, and against the peace and dignity of the State of Alabama.
“You are therefore commanded to make immediate search o/the residence of Dillard Hutchins to include out build *1115 ings, vehicles and curtilage for cocaine, a controlled substance, in violation of the Alabama Criminal Code 13A-12-212 and against the peace and dignity of the State of Alabama.
“The residence of Dillard Hutchins is located and described as follows. Take US 72 east from Scottsboro, go to Bridgeport, turn right on Kendall St. Go one block and turn right on 6th Street. Go approximately 200 yards to a double wide mobile home on the left, a light grey trimmed in white. The double wide trailer is the residence of Dillard Hutch-ins and if you find the same or any ;part thereof to bring it forthwith before me, at the Jackson County Courthouse in Scottsboro, Alabama.”
(Emphasized portions indicate preprinted information on the warrant form.)
The first part of the appellant’s argument is whether a search warrant can be valid even though it incorrectly states the name of the person whose premises are to be searched. The name on the search warrant is Dillard Hutchins. The appellant’s name is James Dewitt Hutchins.
This court, in Horzempa v. State, 397 So.2d 270, 274 (Ala.Cr.App.), cert. denied, 397 So.2d 276 (Ala.1981) held:
“[A]s to a warrant for the search of premises, it is better, as a general rule, that the search warrant contain the name [or, as permitted by § 15-5-3, a description] of the owner or occupier of the premises to be searched, but that there is no constitutional requirement that it do so. Cabble v. State, Ala.Cr.App., 347 So.2d 546, cert. denied, 347 So.2d 551 (1977).
[[Image here]]
“ ‘In the absence of statute, the requirement of a description of the person ordinarily applies only where there is to be a search of the person — it is not required that the owner or occupant of premises be named or described in a warrant for the search of such premises. Similarly, a warrant for the search of premises only, and not for the search of a person, is not invalidated by virtue of the fact that it designates the owner of the premises as “John Doe,” nor by the fact that the name of the owner of the premises is incorrectly inserted in the warrant.’ 68 Am.Jur.2d Searches and Seizures, § 79.”
Moreover, in United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965), the United States Supreme Court held:
“[T]he Fourth Amendment’s commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court’s cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.”
See also Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Maddox v. State, 502 So.2d 779 (Ala.Cr.App.1985), aff’d in pertinent part, 502 So.2d 786 (Ala.1986).
The search warrant was sufficiently specific to direct the officers to the premises to be searched. The fact that the warrant incorrectly stated the appellant’s first name is not enough to invalidate it. Thus, the trial court was correct in denying the appellant’s motion to suppress based on this ground.
However, the appellant further contends that the trial court erred in denying his motion to suppress due to an alleged lack of probable cause in granting the search warrant. We disagree.
The affidavit in this case is similar to that in Neugent v. State, 340 So.2d 52 (Ala.1976), which also concerned the seizure of drugs and a challenge to the suffi *1116 ciency of the allegations of the warrant. In Neugent, the affidavit for a search warrant stated that a reliable informant had told a police officer that within the past three hours the informant had seen drugs on the defendant’s premises and that the defendant was selling these drugs. The Alabama Supreme Court found the affidavit in Neugent to be sufficient and cautioned against hypertechnical interpretation as it did so.
Likewise, we find that the affidavit in the case at bar is sufficient to establish probable cause for the issuance of a search warrant. Therefore, the trial court was correct in denying the appellant’s motion to suppress based on this ground also.
II
The appellant next contends that the trial court erred in denying his motion for judgment of acquittal, arguing that the State failed to prove a prima facie case of possession of a controlled substance. More specifically, the appellant argues that the State failed to prove that cocaine is a controlled substance as enumerated in § 20-2-25, Code of Alabama 1975.
The State proved that the appellant was in possession of cocaine on the night he was arrested. There was no need for the State to prove that cocaine is a controlled substance. This court has held repeatedly that a trial court can take judicial notice of whether a substance is designated as a controlled substance and it can so instruct the jury. Bentley v. State, 450 So.2d 197 (Ala.Cr.App.1984); Congo v. State, 409 So.2d 475 (Ala.Cr.App.1981), cert. denied, 412 So.2d 276 (Ala.1982); Gilbert v. State, 401 So.2d 342 (Ala.Cr.App.1981). Hence, the trial court correctly denied the appellant’s motion for judgment of acquittal.
The appellant received a fair trial. Accordingly, this case is hereby affirmed.
AFFIRMED.
All the Judges concur.